**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| TAMORAH JEROME, as Independent Administrator of the Estate of JOSHUA EDWARDS, deceased, | ) ) ) ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:23-cv-01143-JES-JEH |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PATRICK HARTSHORN, the SHERIFF OF VERMILION COUNTY, in his official capacity; VERMILION COUNTY; OFFICER CODY THORN; OFFICER LAURIE BERNARDI; OFFICER COLE ANDERSON; OFFICER LINDSEY KUEMMERLE; OFFICER HAROLD HEATON; OFFICER NOAH WHITE; OFFICER ANTHONY HUGHES; SERGEANT KEVIN MASKEL and SERGEANT KARLA YOUNG, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AT LAW**

NOW COME Defendants SHERIFF PATRICK HARTSHORN, OFFICERS LAURIE

BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD

HEATON, NOAH WHITE, ANTHONY HUGHES, SERGEANTS KEVIN MASKEL, KARLA

YOUNG and VERMILION COUNTY, by and through their attorneys, MICHAEL W.

CONDON and JASON W. ROSE of HERVAS, CONDON & BERSANI, P.C., and for their

Answer and Affirmative Defenses to Plaintiff's Amended Complaint at Law, state as follows:

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation

under color of law of the rights of Mr. Joshua Edwards, Plaintiff's decedent (hereafter "Mr.

Edwards"), secured by the United States Constitution, and pursuant to state law.

**ANSWER:** **Defendants admit only that Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of the rights of Mr. Joshua Edwards secured by the United States Constitution. Defendants deny that they violated Mr. Edwards' rights under § 1983 or under the U.S. Constitution or under state law.**

<u>JURISDICTION & VENUE</u>

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.**

3.      Venue is proper under 28 U.S.C. § 1391(b) because one or more of the defendants reside in this judicial district and all defendants are residents of Illinois.  Further, a substantial part of the events and omissions giving rise to this claim occurred within this judicial district.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.**

<u>PARTIES</u>

4.      Plaintiff has petitioned the Vermilion County Court asking to be appointed as the duly appointed independent administrator of Mr. Edwards's estate (Case No. 22-PR-000059 (Ill. Cir. Ct., Vermilion County).

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of Plaintiff's Amended Complaint.**

5.      Sheriff Patrick Hartshorn (hereafter "Sheriff Hartshorn"), Defendant, is the Sheriff of Vermilion County, Illinois and is sued in his official capacity.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.**

6.      Vermilion County, Illinois (hereafter "Vermilion County"), Defendant, is joined in this action pursuant to <u>Carver v. Sheriff of LaSalle County</u>, 324 F.3d 947 (7th Cir. 2003).

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.**

7.      Officer Cole Anderson (hereinafter "Officer Anderson") is an employee of Sheriff Hartshorn serving as a correctional officer. At all times relevant to this Complaint, Officer Anderson was acting within the scope of his employment with Sheriff Hartshorn and under the color of law.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.**

8.      Officer Lyndsey Kuemmerle (hereinafter "Officer Kuemmerle") is an employee of Sheriff Hartshorn serving as a correctional officer. At all times relevant to this Complaint, Officer Kuemmerle was acting within the scope of her employment with Sheriff Hartshorn and under the color of law.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.**

9.      Officer Harold Heaton (hereinafter "Officer Heaton") is an employee of Sheriff Hartshorn serving as a correctional officer. At all times relevant to this Complaint, Officer Heaton was acting within the scope of his employment with Sheriff Hartshorn and under the color of law.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.**

10.      Officer Noah White (hereinafter "Officer White") is an employee of Sheriff Hartshorn serving as a correctional officer. At all times relevant to this Complaint, Officer White was acting within the scope of his employment with Sheriff Hartshorn and under the color of law.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.**

11.     Officer Anthony Hughes (hereinafter "Officer Hughes") is an employee of Sheriff Hartshorn serving as a correctional officer.  At all times relevant to this Complaint, Officer Hughes was acting within the scope of his employment with Sheriff Hartshorn and under the color of law.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.**

12.     Sergeant Kevin Maskel (hereinafter "Sergeant Maskel") is an employee of Sheriff Hartshorn serving as a correctional officer.  At all times relevant to this Complaint, Sergeant Maskel was acting within the scope of his employment with Sheriff Hartshorn and under the color of law.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.**

13.     Sergeant Karla Young (hereinafter "Sergeant Young") is an employee of Sheriff Hartshorn serving as a correctional officer.  At all times relevant to this Complaint, Sergeant Young was acting within the scope of her employment with Sheriff Hartshorn and under the color of law.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.**

14.     Officer Anderson, Officer Kuemmerle, Officer Heaton, Officer White, Officer Hughes, Sergeant Maskel and Sergeant Young are referenced collectively, below, as "Defendant Officers."

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.**

15.     Officer Laurie A. Bernardi (hereinafter "Officer Bernardi") is an employee of Sheriff Hartshorn serving as a correctional officer.  At all times relevant to this Complaint,

Officer Bernardi was acting within the scope of her employment with Sheriff Hartshorn and under the color of law.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.**

16. Officer Cody Thorn (hereinafter "Officer Thorn") is an employee of Sheriff Hartshorn serving as a correctional officer. At all times relevant to this Complaint, Officer Thorn was acting within the scope of his employment with Sheriff Hartshorn and under the color of law.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.**

ALLEGATIONS OF FACTS

Hoopeston Police Informed the Sheriff's Office That Mr. Edwards Was Highly Intoxicated

17. On April 9, 2021, in the evening, Hoopeston police officers, Sergeant Quentin Morgan and Officer A. Linares (hereinafter "Hoopeston Officers"), were dispatched to Mr. Edwards's residence in Hoopeston, Illinois in response to a domestic dispute. Hoopeston Officers observed that Mr. Edwards was under the influence of methamphetamine, acting in an agitated manner, and speaking to people who were not present. The officers left the residence without arresting Mr. Edwards.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of Plaintiff's Amended Complaint.**

18. A short time later that same day, Hoopeston Officers were dispatched again to Mr. Edwards's residence for an ambulance call. Mr. Edwards needed to be transported to the hospital emergency room and the paramedics took him to Hoopeston Carle Hospital. Hoopeston Officers accompanied Mr. Edwards to the hospital and stayed with him until he was released.

**ANSWER:**   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of Plaintiff's Amended Complaint.

19.    Hours later, now on April 10, 2021, at approximately 3:12 a.m., Hoopeston Officers were dispatched again to Mr. Edwards's Hoopeston residence based on a report of a disturbance.  This time, Hoopeston Officers arrested Mr. Edwards.

**ANSWER:**   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of Plaintiff's Amended Complaint.

20.    At that time, the officers noted in their police report details of these incidents, including that Mr. Edwards was under the influence of methamphetamine and was acting in an excited manner; was "out of control;" and was talking to people who were not present.

**ANSWER:**   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of Plaintiff's Amended Complaint.

Sheriff Hartshorn's Office Noted Mr. Edwards As "Very Intoxicated" When Booked Into The Vermilion County Jail

21.    On April 10, 2021, the Hoopeston Officers transported Mr. Edwards to the Vermilion County Jail, in Danville. The Jail is also referred to as the Public Safety Building.

**ANSWER:**   Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22.    At the Jail, Hoopeston Officers communicated essential details of Mr. Edwards's poor physical and mental state to Sheriff Hartshorn's agents as part of the intake process.  Sheriff Hartshorn's agents were informed directly that Mr. Edwards was "highly intoxicated."

**ANSWER:**   Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23.    At approximately 4:05 a.m. on April 10, 2021, Defendant Officer Anderson conducted an inmate screening of Mr. Edwards.  Officer Anderson documented at that time that Mr. Edwards was "very intoxicated."

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.**

24.     There are policies within the Vermilion County Sheriff's Department that lay out the responsibilities of deputies when they encounter arrestees that are intoxicated.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.**

25.     Defendant Officer Anderson and other Defendant Officers failed to follow those policies and, instead, placed Mr. Edwards into a holding cell in the booking area of Vermilion County Jail. They did not notify any supervisors or medical staff that Mr. Edwards was "highly intoxicated."

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 25 as written but admit that Edwards was placed in a holding cell in booking.**

For Over a Day Sheriff's Officers Failed To Provide Medical Care to Mr. Edwards Despite His Obvious Illness and Strange Behaviors

April 10, 2021

26.     Throughout the morning, day and night of April 10, 2021 all Defendant Officers working in the booking area of the Jail directly or indirectly observed Mr. Edwards.

**ANSWER:**     **Defendants admit only that some of the named correctional officers observed Mr. Edwards while he was detained in the booking area of the jail. Defendants deny the remaining allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.**

27.     At that time, each and every one of these officers observed that Mr. Edwards:

a.   was acting in a strange and bizarre manner;

b.   speaking at a very rapid pace;

c.   screaming regularly;

d.   striking objects and walls in the cell; and,

    e.   in the words of one deputy, acting like he was under the influence of illicit

       drugs.

**ANSWER:**    **Defendants deny the allegations contained in Paragraphs 27a-27e of Plaintiff's Amended Complaint.**

28.    Additionally, Mr. Edwards himself requested medication and care.

**ANSWER:**    **Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.**

29.    Critically, inmates living in cells near Mr. Edwards regularly requested Defendant Officers to send Mr. Edwards to a hospital.

**ANSWER:**    **Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.**

30.    Despite all of this compelling evidence, the Defendant Officers took no actions whatsoever to address Mr. Edwards's serious medical needs. They did not notify supervisors or medical staff of this behavior.

**ANSWER:**    **Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.**

31.    Throughout this date, Defendant Sergeant Maskel and Defendant Sergeant Young were supervising the other Defendant Officers working in the booking area of the Jail.  The sergeants' responsibilities include making certain that the Defendant Officers under their supervision implement policies, practices and procedures to ensure that detainees receive appropriate medical care for serious medical needs.  Sergeants Maskel and Young did not perform adequate supervision over their subordinates.

**ANSWER:**    **Defendants admit only that Sgt. Maskel and Sgt. Young were supervisors working at certain relevant times in the booking area of the jail. Defendants deny the remaining allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.**

<u>April 11, 2021</u>

32.     The next morning, April 11, 2021, Defendant Officer Anderson, Officer Bernardi, and Officer Thorn were working in the booking area where Mr. Edwards was incarcerated. These officers observed Mr. Edwards in his cell a few times beginning at 7:20 a.m. until the time of Mr. Edward's death later that morning.  They observed and documented that Mr. Edwards was acting in the same ill manner on this day as he had been on the prior day.

**ANSWER:     Defendants admit the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.**

33.     On the same morning, Officer Bernardi also observed unusual markings and bruises on Mr. Edwards's arms.  Officer Bernardi requested a Sergeant have the spork removed from Mr. Edwards's cell in case Mr. Edwards was harming himself.

**ANSWER:     Defendants admit the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.**

34.     Officer Thorn was working with Officer Bernardi on this shift.  Officer Thorn also observed Mr. Edwards in his cell a few times that morning beginning at 7:20 a.m. until the time of Mr. Edward's death.  Officer Thorn observed that Mr. Edwards did not respond to anything Officer Thorn said.  Officer Thorn observed that Mr. Edwards was acting like he "wasn't all there."  Officer Thorn observed that Mr. Edwards was squirming around the floor while laying on his back and smacking the wall with his hands.  Officer Thorn believed Mr. Edwards was withdrawing from illicit drugs.  Officer Thorn never contacted any medical staff regarding the observation made of Mr. Edwards's behavior.

**ANSWER:     Defendants admit the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.**

35.     Not one of the correctional officers took any actions whatsoever to address Mr. Edwards's serious medical needs.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.**

36.     An inmate incarcerated in a cell near Mr. Edwards's cell informed these officers in the booking area that Mr. Edwards was very sick and needed help.  The inmate thought Mr. Edwards was going to die.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.**

37.     Throughout this time, Defendant Officer Anderson, Officer Bernardi and Officer Thorn observed that Mr. Edwards:

        a.   was acting in a strange and bizarre manner;

        b.   speaking at a very rapid pace;

        c.   screaming regularly;

        d.   striking objects and walls in the cell; and,

        e.   acting like he was under the influence of illicit drugs.

**ANSWER:**     **Defendants Bernardi and Thorn admit the allegations in Paragraph 37 of Plaintiff's Amended Complaint. Defendant Anderson lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 of Plaintiff's Amended Complaint.**

38.     Additionally, Mr. Edwards himself requested medication.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.**

39.     Critically, inmates living in cells near Mr. Edwards regularly requested Defendant Officer Anderson, Officer Bernardi and Officer Thorn to send Mr. Edwards to a hospital.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.**

40.     Despite all of this compelling evidence Defendant Officer Anderson, Officer Bernardi and Officer Thorn did not take any actions whatsoever to address Mr. Edwards's serious medical needs. And they did not notify supervisors or medical staff of this behavior.

**ANSWER:     Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.**

41.     Throughout this date, Sergeant Maskel and Sergeant Young were supervising the other Defendant Officers working in the booking area of the Jail.  The sergeants' responsibilities include making certain that the Defendant Officers under their supervision implement policies, practices and procedures to ensure that detainees receive appropriate medical care for serious medical needs.

**ANSWER:     Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.**

Officers Failed to Treat Methamphetamine Intoxication

42.     Methamphetamine intoxication is treatable with emergency department care. Failure to treat methamphetamine intoxication can lead to death, as it did in the case of Mr. Edwards.

**ANSWER:     Defendants admit only that methamphetamine intoxication can lead to death and that Mr. Edwards died from methamphetamine intoxication. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 42 of Plaintiff's Amended Complaint.**

43.     The Illinois Law Enforcement Training and Standards Board requires that correctional officers receive training that teaches them that arrestees that are highly intoxicated or experiencing drug withdrawal are experiencing potentially fatal conditions that require immediate medical attention.

**ANSWER:     Defendants make no response to the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint because said allegations state a legal conclusion.**

Medical Equipment Doesn't Work; Defendants Not Trained to Provide CPR/AEDs

44.     Soon thereafter, at approximately 10:45 a.m., Vermilion County Sheriff's

deputies discovered Mr. Edwards unconscious in his cell.  A Vermilion County Sheriff's

sergeant applied an AED medical device to Mr. Edwards.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.**

45.     However, the AED was not working.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.**

46.     Next, the sergeant tried to resuscitate Mr. Edwards by using CPR.  A few minutes

later, the sergeant used a second AED on Mr. Edwards and continued CPR.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.**

47.     Correctional officers at the Vermilion County Jail are not required to maintain

their CPR certification. Correctional officers are certified in CPR during their training at the

academy, but Sheriff Hartshorn does not require that they renew that certificate after it expires.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint and affirmatively state that supervisors are required to maintain their CPR certification.**

48.     These efforts were unsuccessful in resuscitating Mr. Edwards.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.**

49.     On April 11, 2021, at approximately 11:00 a.m., Mr. Edwards died in custody at

the Vermilion County Jail.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.**

Supervisory Failures

50.     Sergeant Kevin Maskel and Sergeant Karla Young were not properly trained and knowledgeable in the polices of the Vermilion County Sheriff's Department when it came to arrestees suffering from the condition that Mr. Edwards exhibited.  Sergeants Maskel and Young failed in all aspects to follow the written policies and Illinois law.

**ANSWER:     Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.**

51.     By not correcting their supervisory functions and performance after several recent inmate deaths in Vermilion County Jail, Sergeants Maskel and Young set into motion a series of acts by their subordinates, the Defendant Officers, that Sergeants Maskel and Young knew or reasonably should have known would cause Defendant Officers to deprive Mr. Edwards of these rights.

**ANSWER:     Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.**

52.     Given several recent inmate deaths in Vermilion County Jail, Sergeants Maskel and Young knew or reasonably should have known that the subordinates' conduct would deprive Mr. Edwards of these rights; and

**ANSWER:     Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.**

53.     Sergeants Maskel and Young failed to act to prevent their subordinates from engaging in conduct that led to the previous inmate deaths in Vermilion County Jail.

**ANSWER:     Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.**

54.     Given several recent inmate deaths in Vermilion County Jail, Sergeants Maskel and Young disregarded the known or obvious consequence that a particular training and

supervision deficiency or omission would cause their subordinates to violate Mr. Edwards'
constitutional rights.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 54 of Plaintiff's
Amended Complaint.**

55.     That training and supervision deficiency or omission actually caused their
subordinates to deprive Mr. Edwards of his constitutional rights.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 55 of Plaintiff's
Amended Complaint.**

56.     Sergeants Maskel and Young's failure to improve their training and supervision
abilities constituted conduct that showed a reckless or callous indifference to the deprivation by
the subordinate of the rights of others.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 56 of Plaintiff's
Amended Complaint.**

57.     Sergeants Maskel and Young's conduct was so closely related to the deprivation
of Mr. Edwards' rights as to be the moving force that caused the ultimate injury.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 57 of Plaintiff's
Amended Complaint.**

58.     In light of the aforementioned, Mr. Edwards suffered from both an objectively
and subjectively substantial risk of serious harm while under the care and custody of Sergeants
Maskel and Young.  Sergeants Maskel and Young reacted to this risk in an objectively and
subjectively unreasonable manner.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 58 of Plaintiff's
Amended Complaint.**

59.     Sergeants Maskel and Young acted intentionally, with malice, willfulness, and
deliberate indifference to the rights of Mr. Edwards, and violated Mr. Edwards's constitutional
rights by willfully ignoring his serious medical needs.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.**

60.     Mr. Edwards is survived by two children.

**ANSWER:**     **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60 of Plaintiff's Amended Complaint.**

61.     As a result of the unjustified and unconstitutional conduct of each of the Defendant Officers, Mr. Edwards experienced pain, suffering, emotional distress, injury, and ultimately death.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.**

62.     As a direct and proximate result of Defendant Officers' unlawful conduct, Plaintiff has experienced, and will continue to experience into the future, pecuniary loss, loss of society, grief, sorrow, and mental suffering.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.**

CLAIM ONE
42 U.S.C. 1983: Denial of Medical Care
Against the Defendant Officers

63.     Plaintiff re-alleges the Allegations of Fact as if fully set forth herein.

**ANSWER:**     **Defendants restate and incorporate their answers to the Allegations of Fact of Plaintiff's Amended Complaint as if fully set forth herein.**

64.     Plaintiff is entitled to relief against Defendant Officers pursuant to 42 U.S.C. § 1983, based on violations of the Fourteenth Amendment to the U.S. Constitution.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.**

65.     At all times material, Plaintiff's decedent, Joshua Edwards, had a constitutionally protected right under the Fourteenth Amendment to the U.S. Constitution to receive needed care

while in the Vermilion County Jail, and to have his health issues timely and properly assessed and treated.

**ANSWER:** **Defendants admit only that Mr. Edwards had a constitutional right to receive adequate medical care while detained in the Vermilion County Jail. Defendants deny the remaining allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.**

66. Defendant Officers deliberately disregarded the immediate and serious threats to Mr. Edwards's mental and medical health and well-being and exhibited deliberate and callous indifference to serious medical and mental health needs by denying access to intensive and structured medical health care, treatment and observation necessary to treat serious medical needs and prevent suffering and death.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.**

67. Defendant Officers were well aware that there were detainees confined in the Vermilion County Jail who suffered from severe medical health needs and were at risk of injury and/or death. Despite this knowledge, Defendant Officers intentionally and knowingly failed to provide serious, ongoing case management and treatment for such inmates and failed to regularly monitor their medical health care needs.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.**

68. Defendant Officers knew at all times material to this action that there was a substantial risk that detainees with serious medical issues, left substantially untreated, could die, that such deaths were reasonably foreseeable, and that the threat of this was imminent and immediate.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.**

69.     Defendant Officers deliberately disregarded the immediate and serious threat to detainees' medical health and well-being and exhibited deliberate indifference and callous indifference to their serious medical and psychological needs by denying and unreasonably delaying access to competent medical care to treat their serious medical needs, in that:

(a)     with full knowledge of prior in-custody deaths, and knowing that failing to provide adequate medical care to detainees with serious medical issues could lead to reasonably foreseeable deaths, Defendant Officers simply failed to provide needed care and attention;

(b)     with full knowledge of detainees with histories of serious medical issues, Defendant Officers' actions in failing to provide close observation and adequate medical care by trained medical professionals was so grossly substandard, incompetent, and inadequate as to fairly be characterized as medical and mental health care so cursory as to amount to no medical and mental health care at all.

**ANSWER:     Defendants deny the allegations contained in Paragraphs 69(a)-69(b) of Plaintiff's Amended Complaint.**

70.     In light of the aforementioned, Mr. Edwards suffered from both an objectively and subjectively substantial risk of serious harm while under the care and custody of Defendant Officers.  Defendant Officers reacted to this risk in an objectively and subjectively unreasonable manner.

**ANSWER:     Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.**

71.     It is more likely than not that the failures of Defendant Officers as alleged above were the cause of Mr. Edwards's death.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72.   As a result of Defendant Officers' disregard of and indifference to Plaintiff's decedent's constitutionally protected right to be provided with proper care, Mr. Edwards's medical needs were ignored.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73.   As a direct and proximate result of Defendant Officers' deliberate indifference to Mr. Edwards's serious medical health needs, Mr. Edwards died from complications of serious medical issues on April 11, 2021.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

74.   Plaintiff asserts the same claims against Defendant Patrick Hartshorn under the doctrine of *respondeat superior*, based on the actions and inactions of each of the individual correctional officers.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint.

WHEREFORE, Defendants SHERIFF PATRICK HARTSHORN, OFFICERS LAURIE BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD HEATON, NOAH WHITE, ANTHONY HUGHES, SERGEANTS KEVIN MASKEL, KARLA YOUNG and VERMILION COUNTY, deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

CLAIM TWO
42 U.S.C. 1983: *Monell*
Against Defendant Sheriff Patrick Hartshorn

76.     Plaintiff re-alleges the Allegations of Fact as if fully set forth herein.

**ANSWER:**     **Defendants restate and incorporate their answers to the Allegations of Fact of Plaintiff's Amended Complaint as if fully set forth herein.**

77.     The violations of Joshua Edwards's constitutional rights under the Fourteenth Amendment to the United States Constitution, his damages and the conduct of the individual Defendants, were directly and proximately caused by the actions and/or inactions of the Vermilion County Sheriff, which has, with deliberate indifference:

(a)     failed to establish and/or implement policies, practices and procedures to ensure that detainees at the Vermilion County Jail receive appropriate medical care for serious medical needs, and if necessary, health care services outside the Jail. Specifically, it was a widespread practice and/or official policy at the Vermilion County Jail not to contact emergency medical services on behalf of an inmates experiencing an obvious medical emergency without the prior approval of a supervisor, even where such approval was wrongfully withheld or denied. The Sheriff's Department keeps track of the number of trips detainees take to outside facilities, as the Department is concerned about the amount of money it would have to spend on medical care;

(b)     failed to establish and/or implement policies, practices and procedures to ensure that detainees at the Vermilion County Jail receive appropriate medical care for serious medical health needs. Specifically, there is no medical staff at the facility from 3:00 p.m. until 8:00 a.m. the following

day, and no medical staff present during the weekend. The correctional

officers receive no medical training from the Jail nurse and are not

required to maintain their CPR certification;

(c)     failed to adequately monitor the deteriorating mental and medical health

conditions of inmates. Specifically, correctional officers routinely fail to

conduct mandatory cell checks, and even when they are conducted, the

correctional officers do not properly conduct the cell checks to ensure the

detainees are relatively healthy or otherwise alive;

(d)     failed to ensure through training, supervision and discipline that medical

staff at the Vermilion County Jail, in necessary circumstances, make a

referral for health care services outside the Jail;

(e)     failed to ensure through training, supervision and discipline that

correctional and medical staff adequately communicate and document

inmates' deteriorating mental and medical health conditions;

(f)     failed to ensure through training, supervision and discipline that

correctional and medical staff properly respond to inmates' deteriorating

mental and medial health conditions;

(g)     failed to contract for medical health services in a manner where financial

incentives would not interfere with  referring inmates for health care

services outside the jail; and,

(h)     possessed knowledge of deficiencies in the policies, practices, customs

and procedures concerning inmates, and approved and/or deliberately

ignored these deficiencies.

**ANSWER:**   **Defendants deny the allegations contained in Paragraphs 77(a)-77(h) of Plaintiff's Amended Complaint.**

78.   For example, one or more policymakers were made aware of the misconduct which led to the following lawsuits:

(a)   Jones v. Hartshorn, No. 15-CV-2032, 2017 WL 3140360, at *4 (C.D.Ill. July 24, 2017) (summary judgment denied to Defendant Vermilion County jail guard on plaintiff's claims arising from plaintiff's dermatitis, tooth decay, and alleged rectal bleeding during his 2013 detention in the Vermilion County Jail);

(b)   Cox v. Hartshorn, 503 F. Supp. 2d 1078 (C.D. Ill. 2007) (alleging that jail officials refused to provide  plaintiff medical care);

(c)   Catron v. Vermilion County Jail, No. 2:13-cv-02271-HAB (filed Dec. 10, 2013) (alleging Jail officials refused to fill plaintiff's prescription for pain medication to address his chronic pain based on Sheriff Hartshorn's policy);

(d)   Hayes v. Hartshorn, No. 05-2282, 2009 WL 722579 (C.D. Ill. Mar. 17, 2009) (alleging that that Nurse Galloway and Sheriff Hartshorn failed to provide adequate medical care);

(e)   Smith v. Hartshorn, No. 09-2142, 2009 WL 2195909 (C.D. Ill. July14, 2009) (alleging that Jail medical staff and Sheriff Hartshorn failed to provide prompt treatment after plaintiff cut his elbow);

(f)   Williams v. Lewellyn, No. 15-CV-2254, 2015 WL 6689643 (C.D. Ill. Nov. 2, 2015) (alleging that jail personnel failed to provide medical treatment after jail guards injured plaintiff arm);

(g)     Estate of Moore v. Vermilion County, No. 19-CV-2209 (C.D. Ill)

        (alleging that Mr. Moore died in the Vermilion County Jail after he was

        beaten, and Jail personnel failed to provide medical treatment);

(h)     Dorris v. Hartshorn, No. 08-CV-2041, 2009 WL 2431310 (C.D. Ill. Aug.

        6, 2009) (alleging that Jail staff unconstitutionally denied plaintiff medical

        care);

(i)     Miller v. Hartshorn, No. 18-CV-2050-CSB-EIL (filed Feb. 9,

        2018)(alleging that Jail personnel refused to render medical aid or call an

        ambulance for an inmate mother that delivered an infant into a toilet

        bowl); and,

(j)     Smithers v. Vermilion County, et al., No. 21-CV-2023-SLD-JEH (filed

        Feb. 4, 2021)(alleging that Jail personnel refused to render medical aid or

        call for medical support to an inmate despite obvious signs of severe

        illness, including coughing up blood and passing blood in his stool, and

        eventually dying from meningitis, a treatable condition).

**ANSWER:**     **Defendants deny the allegations contained in Paragraphs 78(a)-78(j) of Plaintiff's Amended Complaint.**

WHEREFORE, Defendants SHERIFF PATRICK HARTSHORN, OFFICERS LAURIE BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD HEATON, NOAH WHITE, ANTHONY HUGHES, SERGEANTS KEVIN MASKEL, KARLA YOUNG and VERMILION COUNTY, deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

### CLAIM THREE
### State Claim for Wrongful Death
### Against Defendant Sheriff Patrick Hartshorn as Sheriff of Vermilion County

79.     Plaintiff re-alleges the Allegations of Fact as if fully set forth herein.

**ANSWER:     Defendants restate and incorporate their answers to the Allegations of Fact of Plaintiff's Amended Complaint as if fully set forth herein.**

80.     Joshua Edwards is survived by his minor children, who constitute his heirs under Illinois law.

**ANSWER:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 80 of Plaintiff's Amended Complaint.**

81.     Mr. Edwards was officially pronounced dead on April 11, 2021.

**ANSWER:     Defendants admit the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.**

82.     The wrongful death of Mr. Edwards was proximately caused by the neglect, default, and/or willful and wanton conduct of the Defendant Officers, agents of Defendant Sheriff Patrick Hartshorn as Sheriff of Vermilion County.

**ANSWER:     Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.**

83.     Plaintiff's state law claims are brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq., for the pecuniary losses sustained by Mr. Edwards's next-of-kin, and the Illinois Survival statute, 755 ILCS 5/27-6, for Mr. Edwards's conscious pain and suffering prior to death.

**ANSWER:     Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint.**

84.     Defendant Vermilion County and Hartshorn's employees failed to properly monitor and/or report the declining health and well-being of Mr. Edwards.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint.**

85.     The wrongful conduct of Defendant Vermilion County and Hartshorn's employees was the direct and proximate cause of injury and damage to Mr. Edwards and his estate.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint.**

86.     The heirs of Mr. Edwards have lost and will continue to lose pecuniary support, consortium, society, companionship as well as the love and affection of their father, and have incurred funeral and burial expenses as a proximate result of his wrongful death.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Amended Complaint.**

WHEREFORE, Defendants SHERIFF PATRICK HARTSHORN, OFFICERS LAURIE BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD HEATON, NOAH WHITE, ANTHONY HUGHES, SERGEANTS KEVIN MASKEL, KARLA YOUNG and VERMILION COUNTY, deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

CLAIM FOUR
State Claim for Willful and Wanton Negligence
Against Defendant Sheriff Patrick Hartshorn as Sheriff of Vermilion County

87.     Plaintiff re-alleges the Allegations of Fact as if fully set forth herein.

**ANSWER:**     **Defendants restate and incorporate their answers to the Allegations of Fact of Plaintiff's Amended Complaint as if fully set forth herein.**

88.     Plaintiff additionally asserts Illinois state law claims of willful and wanton negligence against Defendant Sheriff Hartshorn as Sheriff of Vermilion County for the conduct of his employees/agents.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint.**

89.     Each of Defendant Sheriff Patrick Hartshorn's employee/agents knew from their observation of Mr. Edwards that he needed immediate medical care and, through willful and wanton conduct, failed to take reasonable action to summon emergency medical services or other proper medical care.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint.**

90.     Plaintiff asserts this state law claim against Defendants Patrick Hartshorn and Vermilion County under the doctrine of *respondeat superior*, based on the actions and inactions of each of the individual correctional officers.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Amended Complaint.**

WHEREFORE, Defendants SHERIFF PATRICK HARTSHORN, OFFICERS LAURIE BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD HEATON, NOAH WHITE, ANTHONY HUGHES, SERGEANTS KEVIN MASKEL, KARLA YOUNG and VERMILION COUNTY, deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

CLAIM FIVE
State Claim for Indemnification
Against Defendant Sheriff Patrick Hartshorn as Sheriff of Vermilion County
and Vermilion County

91.     Plaintiff additionally asserts a state law indemnification claim against Defendants

Patrick Hartshorn and Vermilion County pursuant to 745 ILCS 10/9-102.

**ANSWER:      Defendants admit only that Plaintiff is asserting a state law indemnification
claim against Defendants Hartshorn and Vermilion County and affirmatively
state that the Defendants deny violating Mr. Edwards' rights under federal
or state law.**

WHEREFORE, Defendants SHERIFF PATRICK HARTSHORN, OFFICERS LAURIE

BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD

HEATON, NOAH WHITE, ANTHONY HUGHES, SERGEANTS KEVIN MASKEL, KARLA

YOUNG and VERMILION COUNTY, deny that the Plaintiff is entitled to any judgment

whatsoever against them, and pray this Honorable Court will enter judgment in their favor and

allow for the costs of defending this lawsuit.

Respectfully submitted,

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
JASON W. ROSE, ARDC No. 06208130
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com

## FIRST AFFIRMATIVE DEFENSE

### (against all federal claims asserted against the individual Defendants)

NOW COME the individual Defendants, OFFICERS LAURIE BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD HEATON, NOAH WHITE, ANTHONY HUGHES, and SERGEANTS KEVIN MASKEL, and KARLA YOUNG, by and through their attorneys, MICHAEL W. CONDON and JASON W. ROSE of HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiff's Amended Complaint, state as follows:

The Defendants did not violate any clearly established constitutional right of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court enters a judgment in their favor and allows for the costs of defending this lawsuit.

/s/ Michael W. Condon
MICHAEL W. CONDON, ARDC No. 06192071
JASON W. ROSE, ARDC No. 06208130
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com

## SECOND AFFIRMATIVE DEFENSE

### (against all state law claims asserted against Defendants)

NOW COME the Defendants, SHERIFF PATRICK HARTSHORN, OFFICERS LAURIE BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD HEATON, NOAH WHITE, ANTHONY HUGHES, and SERGEANTS KEVIN MASKEL, and KARLA YOUNG, by and through their attorneys, MICHAEL W. CONDON and JASON W. ROSE of HERVAS, CONDON & BERSANI, P.C., and for their Second Affirmative Defense to Plaintiff's Amended Complaint, state as follows:

Defendants are immune from liability, pursuant to § 2-204 of the Illinois Tort Immunity Act ("TIA"), which holds that a public employee acting within the scope of his employment is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court enters a judgment in their favor and allows for the costs of defending this lawsuit.

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
JASON W. ROSE, ARDC No. 06208130
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com

## THIRD AFFIRMATIVE DEFENSE

### (against all state law claims asserted against Defendants)

NOW COME the Defendants, SHERIFF PATRICK HARTSHORN, OFFICERS LAURIE BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD HEATON, NOAH WHITE, ANTHONY HUGHES, SERGEANTS KEVIN MASKEL and KARLA YOUNG, and VERMILION COUNTY, by and through their attorneys, MICHAEL W. CONDON and JASON W. ROSE of HERVAS, CONDON & BERSANI, P.C., and for their Third Affirmative Defense to Plaintiff's Amended Complaint, state as follows:

Defendants are immune from liability, pursuant to § 4-103 of the Illinois Tort Immunity Act ("TIA"), which holds that neither a local public entity nor a public employee is liable for failing to provide a jail or . . . for failing to provide sufficient equipment, personnel, supervision or facilities therein.  745 ILCS 10/4-103.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court enters a judgment in their favor and allows for the costs of defending this lawsuit.

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
JASON W. ROSE, ARDC No. 06208130
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com

**FOURTH AFFIRMATIVE DEFENSE**

**(against all state law claims asserted against Defendants)**

NOW COME the Defendants, SHERIFF PATRICK HARTSHORN, OFFICERS
LAURIE BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE,
HAROLD HEATON, NOAH WHITE, ANTHONY HUGHES, SERGEANTS KEVIN
MASKEL and KARLA YOUNG, and VERMILION COUNTY, by and through their attorneys,
MICHAEL W. CONDON and JASON W. ROSE of HERVAS, CONDON & BERSANI, P.C.,
and for their Fourth Affirmative Defense to Plaintiff's Amended Complaint, state as follows:

Defendants are immune from liability, pursuant to § 4-105 of the Illinois Tort Immunity
Act ("TIA"), which holds that neither a local public entity nor a public employee is liable for
injury proximately caused by a failure to furnish or obtain medical care for a prisoner in his
custody; but this Section shall not apply where the employee, acting within the scope of his
employment, knows from observation of conditions that the prisoner is in need of immediate
medical care and, through willful and wanton conduct, fails to take the reasonable action to
summon medical care.  745 ILCS 10/4-105.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment
whatsoever against them and pray that this Honorable Court enters a judgment in their favor and
allows for the costs of defending this lawsuit.

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
JASON W. ROSE, ARDC No. 06208130
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com

## FIFTH AFFIRMATIVE DEFENSE

### (against all state law claims asserted against Defendants)

NOW COME the Defendants, SHERIFF PATRICK HARTSHORN, OFFICERS LAURIE BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD HEATON, NOAH WHITE, ANTHONY HUGHES, SERGEANTS KEVIN MASKEL and KARLA YOUNG, and VERMILION COUNTY, by and through their attorneys, MICHAEL W. CONDON and JASON W. ROSE of HERVAS, CONDON & BERSANI, P.C., and for their Fifth Affirmative Defense to Plaintiff's Amended Complaint, state as follows:

Defendants are immune from liability, pursuant to § 6-105 of the Illinois Tort Immunity Act ("TIA"), which holds that neither a local public entity nor a public employee is liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others.  745 ILCS 10/6-105.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court enters a judgment in their favor and allows for the costs of defending this lawsuit.

/s/ Michael W. Condon
MICHAEL W. CONDON, ARDC No. 06192071
JASON W. ROSE, ARDC No. 06208130
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com

## SIXTH AFFIRMATIVE DEFENSE

### (against all state law claims asserted against Defendants)

NOW COME the Defendants, SHERIFF PATRICK HARTSHORN, OFFICERS LAURIE BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD HEATON, NOAH WHITE, ANTHONY HUGHES, SERGEANTS KEVIN MASKEL and KARLA YOUNG, and VERMILION COUNTY, by and through their attorneys, MICHAEL W. CONDON and JASON W. ROSE of HERVAS, CONDON & BERSANI, P.C., and for their Sixth Affirmative Defense to Plaintiff's Amended Complaint, state as follows:

Defendants are immune from liability, pursuant to § 6-106(a) of the Illinois Tort Immunity Act ("TIA"), which holds that neither a local public entity nor a public employee is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental or physical illness or addiction or from failing to prescribe for mental or physical illness or addiction.  745 ILCS 10/6-106(a).

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court enters a judgment in their favor and allows for the costs of defending this lawsuit.

/s/ Michael W. Condon
MICHAEL W. CONDON, ARDC No. 06192071
JASON W. ROSE, ARDC No. 06208130
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com

## SEVENTH AFFIRMATIVE DEFENSE
### (against all state law claims asserted against Defendants)

NOW COME the Defendants, SHERIFF PATRICK HARTSHORN, OFFICERS LAURIE BERNARDI, CODY THORN, COLE ANDERSON, LINDSEY KUEMMERLE, HAROLD HEATON, NOAH WHITE, ANTHONY HUGHES, SERGEANTS KEVIN MASKEL and KARLA YOUNG, and VERMILION COUNTY, by and through their attorneys, MICHAEL W. CONDON and JASON W. ROSE of HERVAS, CONDON & BERSANI, P.C., and for their Seventh Affirmative Defense to Plaintiff's Amended Complaint, state as follows:

Defendants are immune from liability, pursuant to §6-109 of the Illinois Tort Immunity Act ("TIA"), which holds that neither a local public entity nor a public employee acting in the scope of his employment is liable for an injury resulting from the failure to admit a person to a medical facility.  745 ILCS 10/6-109.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court enters a judgment in their favor and allows for the costs of defending this lawsuit.

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
JASON W. ROSE, ARDC No. 06208130
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com

### EIGHTH AFFIRMATIVE DEFENSE
### <u>(against all state law claims asserted against Defendants)</u>

NOW COMES the Defendant, VERMILION COUNTY, by and through its attorneys,

MICHAEL W. CONDON and JASON W. ROSE of HERVAS, CONDON & BERSANI, P.C.,

and for its Eighth Affirmative Defense to Plaintiff's Amended Complaint, states as follows:

Defendant is immune from liability, pursuant to § 2-109 of the Illinois Tort Immunity

Act ("TIA"), which holds that a local public entity is not liable for an injury resulting from an act

or omission of its employee where the employee is not liable.  745 ILCS 10/2-109.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to any judgment

whatsoever against it and prays that this Honorable Court enters a judgment in its favor and

allows for the costs of defending this lawsuit.

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
JASON W. ROSE, ARDC No. 06208130
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| TAMORAH JEROME, as Independent Administrator of the Estate of JOSHUA EDWARDS, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 22-cv-2074 |
| v. | ) ) ) | Judge Colleen R. Lawless |
| PATRICK HARTSHORN, the SHERIFF OF VERMILION COUNTY, in his official capacity, et al., | ) ) ) ) | Magistrate Judge Karen L. McNaught |
| Defendants. | ) ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on **November 10, 2023,** I electronically filed the foregoing *Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint at Law* with the Clerk of the District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system, which will send notification to the following CM/ECF participants:

| | | |
|---|---|---|
| Louis J. Meyer | Daniel P. Kiss | David S. Lipschultz |
| Meyer & Kiss, LLC | Meyer & Kiss LLC | Law Offices of David S. Lipschultz |
| 311 W. Stratford Dr. | 53 W. Jackson Blvd. | 200 S. Michigan Ave., |
| Peoria, IL 61614 | Suite 1735 | Suite 201 |
| louismeyer@meyerkiss.com | Chicago, IL 60604 | Chicago, IL 60604 |
| | dankiss@meyerkiss.com | david@dsllawoffice.com |

/s/ **Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
JASON W. ROSE, ARDC No. 06208130
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
jrose@hcbattorneys.com